UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABAS DOWLAD,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:26-cv-01988-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion for Summary Judgment, Dkt. # 12, Defendant's Cross Motion for Summary Judgment, Dkt. # 27, and Plaintiff's Motion to Compel, Dkt. # 25. The Court has reviewed the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. For the reasons discussed below, the Court DENIES Plaintiff's Motion for Summary Judgment, DENIES Defendant's Cross Motion for Summary Judgment, and GRANTS IN PART Plaintiff's Motion to Compel.

A. Motions for Summary Judgment

Summary judgment is warranted if the evidence, viewed in the light most favorable to the non-moving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248–49).

The moving party bears the initial burden of showing there is no genuine dispute of material fact and that it is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. To carry its burden "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its burden of production, the burden shifts to the nonmoving party to identify specific facts from which a factfinder could reasonably find in the nonmoving party's favor. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250; *see also Gov't Emps. Ins. Co. v. Nadkarni*, 477 F. Supp. 3d 1091, 1096 (N.D. Cal. 2020), *aff'd*, 842 F. App'x 172 (9th Cir. 2021) ("The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial."). "The summary judgment rules apply with equal force to pro se litigants because they 'must follow the same rules of procedure that govern other litigants.'" *Schwartz v. World Sav. Bank*, No. C11-0631JLR, 2012 WL 993295, at *3 (W.D. Wash. Mar. 23, 2012) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1995)).

1. Plaintiff's Motion for Summary Judgment

Plaintiff's motion concerns a "2018 Freightliner" under policy number 02982235, and he submits insurance documents concerning this policy. *See* Dkt. # 12. But Plaintiff's complaint

concerns a “2025 Tesla model 3” (the Tesla) under policy number 861736128. *See* Dkt. # 4. The Court declines to grant summary judgment on claims not brought in the pleadings. *See Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (where “the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court”), *overruled on other grounds by Apache Stronghold v. United States*, 101 F.4th 1036, 1043 (9th Cir. 2024) (en banc).

2. Defendant’s Cross Motion for Summary Judgment

Defendant seeks summary judgment because it says Plaintiff removed the Tesla from insurance coverage under policy number “861736126.” Dkt. # 27 at 5-6; *see also* Dkt. # 28 (also referencing 861736126). But Plaintiff alleges breach of contract and other claims under insurance policy number 861736128. Dkt. # 4; *see also* Dkt. # 32. While this may have only been an error, Defendant’s other documents (which do state the correct policy number), showing that Plaintiff affirmatively removed the Tesla from his policy, is still insufficient to overcome its burden of showing no genuine dispute of material fact. *See* Dkt. # 28 at 45-50. Plaintiff alleges that the Tesla was covered under a newly acquired vehicle provision and has shown that he maintained coverage through the accident under policy number 861736128. Dkt. # 4 at 7; Dkt. # 32 at 7. Defendant makes no showing that the Tesla was not covered under any such new vehicle provision.[1] *See generally* Dkt. ## 27, 33. For this reason, Defendant has not shown that

[1] Defendant attaches the entire policy manual, but does not make any argument that the Tesla is not covered under a new car policy or cite to anything that may guide the Court to any provision that might disprove Plaintiff’s allegations. “The district judge is not required to comb the record to find some reason” to grant the motion for summary judgment and it will not do so here. *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988); *see also* LCR 10 (e)(6) (“Citations to documents already in the record, including declarations, exhibits, and any documents previously filed, must include a citation to the docket number and the page number”).

there is no genuine dispute of material facts, and the Cross Motion for Summary Judgment is denied.

B. Motion to Compel

Plaintiff seeks a "court-approved forensic examiner to create a targeted, bit-stream mirror image of the specific database tables and servers hosting records of Plaintiff's policy administration, vehicle schedule, and claim history under Policy No. 861736128 and Claim No. 26-311838677." Dkt. # 25 at 1. Defendant has not filed a response to the motion. *See* Docket.

"Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). Because Defendant has not filed a timely response, the Court finds Defendant has conceded the issue.

Still, while Plaintiff does not invoke the rule, the Court interprets the request for a forensic expert to be made under Federal Rule of Evidence 706(a). *See* Fed. R. Evid. 706(a) (granting district court discretion to appoint an expert on its own motion or on the motion of a party). Because Plaintiff has not established that the evidence in the case is particularly complex or that an expert is necessary, the Court declines to appoint an expert. The Court will also not veer from the Federal Rules of Civil Procedure in directing Defendant to produce the documents in a way that is different than how the documents are kept in the usual course of business. *See* Fed. R. Civ. Proc. 34(b)(2)(E). Thus, the Court grants in part the motion to compel and denies the request for a court-appointed forensic expert and the request to produce the information in a particular format.

* * *

For these reasons, the Court: (1) DENIES Plaintiff's Motion for Summary Judgment, Dkt. # 12; (2) DENIES Defendant's Motion for Cross Summary Judgment, Dkt. # 27; and (3)

GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Compel, Dkt. # 25, and ORDERS Defendant to produce, within 14 days of this order, Plaintiff's policy administration, vehicle schedule, and claim history under Policy No. 861736128 and Claim No. 26-311838677 in a format that complies with Federal Rule of Civil Procedure 34(b)(2)(E).

Dated this 23rd day of September, 2026.

John H. Chun

John H. Chun
United States District Judge